UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KAREN SOLAGE ESPINOZA, on behalf of
OFELIA ALTAMIRANO LOPEZ,

        Petitioner,

v.                                Case No. 3:26-cv-305-WWB-LLL

WARDEN, BAKER COUNTY
CORRECTIONAL INSTITUTION,
et al.,

        Respondents.
_____

## ORDER

THIS CAUSE comes before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Karen Solage Espinoza, on behalf of her husband, Ofelia Altamirano Lopez, who is being detained by Immigration and Customs Enforcement ("**ICE**") at the Baker County Correctional Institution. (Doc. 1). According to Espinoza, ICE has detained Lopez since November 14, 2025, without a bond hearing, in violation of his rights under the Due Process Clause. (*Id.* at 2–3). As relief, Espinoza requests that the Court order Lopez's immediate release or order ICE to provide him with a bond hearing and grant any other relief that the Court deems proper. (*Id.* at 4).

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common-law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. *See Whitmore v. Arkansas*, 495 U.S. 149,

162 (1990). But "'[n]ext friend' standing is by no means granted automatically . . . ." *Id.* at 163. The would-be next friend must provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts. *Id.*

Espinoza does not demonstrate that "next friend" status is appropriate. There is no indication Lopez is mentally incompetent or has been denied access to the courts. Because Espinoza does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Lopez's behalf. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition.")[1]; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.
3. If Espinoza appeals this Order, the Court denies a certificate of appealability.[2] Because the Court has determined that a certificate of

---

[1] Any unpublished opinions are cited as persuasive authority. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

[2] The court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, a petitioner "must demonstrate that reasonable jurists

appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, on February 20, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c:
Karen Solage Espinoza
Ofelia Altamirano Lopez, A221453088

---

would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Upon consideration of the record as a whole, this Court denies a certificate of appealability.

3